# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DANIEL L. STASZAK,

    Plaintiff,

Case: 1:22–cv–03267
Assigned To : Jackson, Amy Berman
Assign. Date : 10/14/2022
Description: FOIA/Privacy Act (I-DECK)

v.       Civil Action No._____

UNITED STATES DEPARTMENT OF JUSTICE, *et al.*

    *Defendants.*

## VERIFIED COMPLAINT

1. This is an action, for injunctive and other appropriate relief, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, brought by Daniel L. Staszak, *pro se*, hereinafter ("Daniel Staszak") against the U.S. Department of Justice; Federal Bureau of Investigation; Executive Office of United States Attorneys, *et al.*, hereinafter ("DOJ" and/or "Government").

2. Through this action, Daniel Staszak seeks to compel DOJ to release an unredacted Copy of the "Forensic Examination and/or Report" of

1

previous Defendant Matthew Lee Staszak, hereinafter ("Matthew Staszak") Crim. No 4:12-cr-40064-JPG, (S.D. Ill) which would detail substantiated evidence surrounding the actual innocence of Matthew Staszak to the Count 1 offense that Matthew Staszak was falsely accused and falsely charged to this pretended Count 1 offense brought by the United States Attorneys Office within the Southern District of Illinois. *See* Exhibit 1, Declaration of Matthew L. Staszak, sworn on June 1, 2022.

## PARTIES

3. Plaintiff Daniel L. Staszak, resides within the Southern District of Illinois; retired Army of 33-years of Honorable service, and is the father of Matthew L. Staszak.

4. Defendant DOJ is a federal agency subject to FOIA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action and personal jurisdiction over DOJ pursuant to 28 U.S.C. §§ 1331 & 1391(e)(1)(A).

6. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. Daniel Staszak has exhausted all administrative remedies. *See* Attachment 1, FOIA filings chronological date order.

## BACKGROUND & FACTS

8. The judgment against Matthew Staszak was entered by the United States District Court for the Southern District of Illinois at Benton, Illinois, in case number, 4:12-CR-40064-JPG, (S.D. Ill).

9. The judgment of Matthew Staszak was entered on February 20, 2014.

3

10. Matthew Staszak was sentenced to 180 months on Counts 1, 2, and 3 to run concurrently to each other, and 60 months on Count 4 to run consecutive to the 180 months, for a total sentence of 240 months. Matthew Staszak initially entered a plea of not guilty, which was later changed to a plea of guilty on all 4 counts on August 5, 2013, while Matthew Staszak was induced and under duress that his parents would be charged by the Government had he not pled guilty.

11. Matthew Staszak pleaded guilty to all counts, under duress, and did not proceed to trial, and did not testify at any trial.

12. Matthew Staszak did not appeal the judgment of conviction due to his duress.

13. Count 1 falsely charged Matthew Staszak with a violation of 18 U.S.C. § 2251(a) and (e), which prohibits enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct with materials that had been transported in interstate commerce. Count 1 of the Second Superseding Indictment reads:

4

> "Between on or about *June 1, 2011 and on or about July 31, 2011*, in Williamson County, Illinois, within the Southern District of Illinois, MATTHEW STASZAK, defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce a minor, K.G., to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, and did attempt to do so, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 2251(a) and (e)."

14. The Asurion, Verizon Wireless, USAA, and MasterCard receipts and bills of sale previously discovered by Daniel Staszak proved that Matthew Staszak was actually innocent of the Count 1 offense. Matthew Staszak was falsely accused and falsely charged that he possessed and/or owned the cellphone in question in *June or July of 2011*, **(a model Droid X2, bearing serial number SJUG6250)**, cited within the FOIA, as the Count 1 offense clearly stipulates within the Second Superseding Indictment of Matthew Staszak word-for-word.

15. The Government asserts that an illicit sexual video, ("video"), was "*produced*" and later "*deleted*" on Matthew Staszak's Droid X2 cell phone, bearing serial number SJUG6250. This was literally impossible. The Government does not possess *any* forensic evidence of such a video, a production of a video, or a deletion of a video. The forensic examination and/or report in custody of the DOJ would provide clarification that no video

5

could exist on Matthew Staszak's Droid X2 cell phone device. Matthew Staszak did not possess and/or own the Motorola Droid X2 cell phone device in question until after **October 29, 2011**. It is abundantly clear that no video could exist or ever existed in order to be used to be *transported* or *transmitted* across state lines in "June or July 2011." The forensic report will show that no actual probable cause existed in order to indict Matthew Staszak on the Count 1 offense that the Second Superseding Indictment is wholly insufficient against Matthew Staszak.

16. Matthew Staszak was entitled to a copy of the results of the Government's forensic examination as he was preparing for trial. The record clearly shows, and the Government has also fully acknowledged, that pursuant to a search warrant, Matthew Staszak's cell phone was seized by the DOJ, being the Federal Bureau of Investigation. Matthew Staszak's Indictment is insufficient, due to its fraud on the court of withholding exculpatory evidence that Matthew Staszak is actually innocent of (Count 1).

17. Matthew Staszak was prejudiced by the Government's misconduct of its total failure to comply with the Federal Rules of Evidence that mandates the Government to provide Matthew Staszak and his previous counsel with any

exculpatory evidence during the criminal proceedings. Instead of providing the exculpatory evidence, the Government purposely withheld the forensic report from Matthew Staszak's defense. For example, the Government claimed to Melissa Day (Matthew Staszak's former lawyer) and the lower district court (more than once) that it was going through Matthew Staszak's Motorola Droid X2 cell phone, but because there was so much information on the cell phone the Government needed more time for its examination. This means that the Government thoroughly went through Matthew Staszak's cell phone and it knew, or should have known, that Matthew Staszak's cell phone (the Droid X2, bearing serial number SJUG6250) was not purchased until after **October 29, 2011**. At no time did the Government come forward to Matthew Staszak's defense attorney, or the district court claiming this exculpatory revelation. Matthew Staszak is an actually innocent man suffering irreparable harm while currently serving an illegal prison sentence.

18. The Government further acknowledges following an examination of the phone documented as a *"report"*, it was aware that the cellphone, as previously stipulated in Count 1, contained no evidence incriminating

7

Matthew Staszak of a *recorded* or *deleted* illicit video. The Second Superseding Indictment, and its unlawful subsequent conviction were procured through means of perjuries, prosecutorial misconduct, ineffective assistance of counsel, and fraud on the court. Exhibit 1.

19. The Government does not possess any forensic evidence of Matthew Staszak's cell phone actually indicating that Matthew Staszak is guilty of Count 1. *Brady v. Maryland,* 373 U.S. 83 (1963). To establish a *Brady* violation, a defendant must show that the government suppressed evidence, the evidence was favorable to the defense, and the evidence was material to an issue at trial. This fact that no video existed was critical material evidence that was crucial to Matthew Staszak's defense and the Government factually knew this throughout Matthew Staszak's criminal proceedings.

20. The Government deliberately withheld and corruptly concealed material and exculpatory evidence (being the Motorola Droid X2 cell phone forensic examination and/or report) from Matthew Staszak's defense where the Government continued to falsely charge Matthew Staszak with Count 1.

## Plaintiff Daniel L. Staszak Properly Requested Forensic Examination and/or Report From DOJ:

21. On June 15, 2022, Daniel Staszak, submitted to the DOJ a FOIA request to the Civil Rights Division. Attachment 1.

22. On June 24, 2022, Daniel Staszak resubmitted to the DOJ a FOIA request to the Criminal Division where it reads:

> "To Whom it May Concern Via FOIA Request Department: Pursuant to the federal Freedom of Information Act, I, Daniel L. Staszak, per my Certificate of identity attached thereof, request access to and/or an official copy of the full Forensic Examination and/or Report of a Motorola Droid X2 cellular telephone device, bearing serial number (SJUG6250), that was seized by the Federal Bureau of Investigation, (FBI), on June 8, 2012, and that was later turned over to the United States Attorney's Office for the Southern District of Illinois, (USAO), involving a criminal matter in Case No. 4:12-cr-40064-JPG, United States of America v. Matthew Lee Staszak as a "report." I request a copy of the full Forensic Examination and/or "Report" of said cell phone that was provided by the FBI to the USAO to the relevant Department of Justice, (DOJ), components. During the criminal proceedings the Government actually stated there was so much information on the phone that it needed more time to examine it. Therefore, this "report" of said cell phone device is on file with the DOJ. I request waiver of any applicable fees. Release of this information is not complex and is in the public interest surrounding the Actual Innocence of Matthew Lee Staszak contributing significantly to the public's understanding of Government operations and activities involving the previous criminal matter. In particular, the Forensic Examination and/or "Report" will shed light on senior level officials within the USAO and FBI who have acted corruptly. Given the recent order of the United States Court of Appeals for the Seventh Circuit in Case No. 22-1887 stating it lacks the Forensic Examination and/or Report the public at large has an interest in learning about the attorneys and investigators involved in corruptly concealing this examination and/or "report" surrounding Matthew Lee Staszak's innocence. If my request is denied in whole, or in part, I ask that you justify ALL deletions by reference to specific exemptions of the FOIA act. I will also expect you to release ALL segregable portions of otherwise exempt material. I reserve the right to

*immediately appeal your decision to withhold ANY information, or to deny a waiver of fees. As I am making this request as a family member and concerned citizen and this information is further of timely value. I would appreciate your communicating with me by telephone or email, rather than by mail, if you have any questions regarding this request. Lastly, I request that my FOIA request be EXPEDITED as it involves an actual innocence matter. I look forward to your reply."* Attachment 1.

23. On July 7, 2022, the Criminal Division acknowledged the FOIA and assigned a file number and forwarded his request to the FBI and EOUSA. Attachment 1.

24. On July 14, 2022, the FBI denied Daniel Staszak's request for the forensic report and/or examination. Attachment 1. The FBI in part states it is an *"unwarranted invasion of privacy."* This was quickly addressed and further corrected by Daniel Staszak through Matthew Staszak (by phone and mail) by providing the FOIA division with an Affidavit from Matthew L. Staszak. *See* Aff. Matthew L. Staszak, Attachment 1 where it reads:

"*I, MATTHEW L. STASZAK, DECLARE UNDER TITLE 28, U.S.C. Section 1746 that the following statement in paragraphs 1-3 are true and correct:*

*1. I, Matthew L. Staszak, am fully aware that Daniel L. Staszak filed a FOIA request to the Department of Justice with the Federal Bureau of Investigation ("FBI") and the Executive Office of United States Attorneys ("EOUSA") concerning my actual innocence surrounding a fraudulent offense of Count 1 brought against me by the United States as cited word-for-word within my Second Superseding Indictment in Crim. No. 4:12-cr-40064-JPG (S.D. Ill)*

10

> 2. I, Matthew L. Staszak, became fully aware that Daniel Staszak was given a standard denial by the FBI citing an unwarranted invasion of personal privacy by the FBI on July 19, 2022. Daniel Staszak still awaits a response from the EOUSA to this present date.
>
> 3. I, Matthew L. Staszak, have no complaints, concerns, objections, problems, or issues with ANY unwarranted invasion of privacy. ANY concerned citizen of the general public may reference my records concerning ANY matter that involves the request for the forensic report and/or examination of the Motorola Droid X2 cell phone device, bearing serial number (SJUG6250), as I am actually and factually innocent of the Count 1 offense of Exploitation of a Minor and did not commit such an offense."

25. On July 27, 2022, Daniel Staszak appealed the decision of the FBI with proper documentation attached thereto. Attachment 1.

26. On September 22 2022, Daniel Staszak filed NOTICE to the EOUSA (Attachment 1) for failure to respond where it reads:

> "NOTICE OF FAILURE TO RESPOND: September 22, 2022 See All Attached Documents You are hereby on NOTICE that I submitted a FOIA request titled CRM-301725082 that was forwarded to your office on July 7, 2022, by Christina Butler acting chief for the USDOJ FOIA/PA unit. Over 60 days has surpassed since this request was forwarded to your office. I have yet to receive any response from your office. Therefore, you are on NOTICE to respond within 14 days, to my FOIA request, in the above stated matter. Failure to respond to my request submitted will be considered a denial and will be immediately appealed to OGIS (with this notice) following the 14 days. Thank you."

27. EOUSA responded that the case was *closed* on July 7, 2022, without providing any previous response to Daniel Staszak with no further

11

information concerning this matter to Daniel Staszak's specific FOIA request for the Government's Forensic Examination and/or Report. Attachment 1.

28. Daniel Staszak further filed NOTICE to Office of Information Policy ("OIP") for failure to respond after 60-days on the appeal. Attachment 1.

29. On September 30, 2022, OIP responded and affirmed the FBI's denial and mostly did not properly address the actual arguments previously made by Daniel Staszak in the appeal. Attachment 1.

**Plaintiff Daniel L. Staszak Provided All Proper FOIA Documentation to Include COI's & Affidavit of Matthew L. Staszak:**

30. Attachment 1 contains all E-mails, Exhibits, COI's, and Affidavits from Daniel Staszak and Matthew Staszak in chronological order and in their entirety with clear and concise sworn permission and authorization to release the requested information of Matthew Staszak to Daniel Staszak.

## FIRST CAUSE OF ACTION
(Violation of 5 U.S.C. 552, *et seq*.)

31. Daniel Staszak incorporates the allegations in the foregoing paragraphs as though fully set forth the herein.

32. DOJ's failure to release in full the records requested by Daniel Staszak as worded in his previous FOIA request violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A).

## **RELIEF REQUESTED**

**WHEREFORE**, for the foregoing reasons, Plaintiff Daniel Staszak respectfully requests this Honorable Court the following:

A. An ORDER to the Clerk to issue a subpoena to the DOJ which orders them to provide Daniel Staszak within 21 business days of the Court's order the forensic report and/or examination results showing:

1. What date the Motorola Droid X2 cell phone device, bearing serial number (SJUG6250) was first powered on for use by Matthew Staszak.

B. To Grant Daniel Staszak such other and further relief as the Court seems just and proper.

Date Executed: October 11, 2022.
Johnston City, Illinois

Respectfully submitted,

*[signature: Daniel Staszak]*

DANIEL L. STASZAK, Plaintiff, *pro se*
1505 Benton Ave.
Johnston City, Illinois 62951-1925
618 559-5414
dstasz49@gmail.com

14

## CERTIFICATE OF SERVICE

I, Plaintiff, Daniel L. Staszak, hereby certify that a true and correct copy of the foregoing ~~MOTION FOR LEAVE TO WAIVE OF FILING FEES and~~ VERIFIED COMPLAINT with an Exhibit and Attachments were mailed and served via Fed-Ex on October ___11___, 2022 to the following addresses:

*October 23, 2022  2ND Attempt Sent Via Email dcd-Intake@dcd.uscourts.gov*

**U.S. District Court for the District of Columbia**
**333 Constitution Avenue N.W., Room 1225**
**Washington D.C. 20001**

*1ST Attempt*
Fed-Ex # __279023129826__

&

**U.S. Department of Justice**
**950 Pennsylvania Avenue, NW**
**Washington, DC 20530-0001**

Fed-Ex # __279023208187__

*/s/ Daniel L. Staszak*
DANIEL L. STASZAK, Plaintiff, *pro se*
1505 Benton Ave.
Johnston City, Illinois 62951-1925
618 559-5414
dstasz49@gmail.com

## CERTIFICATE OF SERVICE

I, Plaintiff, Daniel L. Staszak, hereby certify that a true and correct copy of the foregoing MOTION FOR LEAVE TO WAIVE OF FILING FEES and VERIFIED COMPLAINT with an Exhibit and Attachments were mailed and served via Fed-Ex on October __11__, 2022 to the following addresses:

**U.S. District Court for the District of Columbia**
333 Constitution Avenue N.W., Room 1225
Washington D.C. 20001

Fed-Ex # _____

&

**U.S. Department of Justice**
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Fed-Ex # _2790 23208187_

_[signature: Daniel L. Staszak]_
DANIEL L. STASZAK, Plaintiff, *pro se*
1505 Benton Ave.
Johnston City, Illinois 62951-1925
618 559-5414
dstasz49@gmail.com