UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
DANIEL L. STASZAK,                          )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )   Civil Action No. 22-3267 (ABJ)
                                            )
UNITED STATES                               )
DEPARTMENT OF JUSTICE,                      )
                                            )
        Defendant.                          )
                                            )

## MEMORANDUM OPINION

Plaintiff Daniel Staszak, proceeding *pro se*, brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking to compel the United States Department of Justice ("DOJ"), to release records related to his son's criminal conviction in 2013. *See* Compl. [Dkt. # 1] ¶¶ 1–2. Pending before the Court is defendant's motion for summary judgment, which plaintiff opposes. Def.'s Mot. for Summ. J. and Mem. in Supp. of Def.'s Mot. for Summ. J. [Dkt. # 11] ("Mot."); Pl.'s Resp. to Mot. [Dkt. # 13] ("Opp."). Because plaintiff has failed to exhaust his administrative remedies, defendant's motion for summary judgment will be **GRANTED**.

## BACKGROUND

On June 24, 2022, plaintiff submitted a FOIA request to DOJ's Criminal Division seeking records related to a 2012 criminal investigation of his son, Matthew Staszak. *See* Def.'s Statement of Material Facts Not in Genuine Dispute [Dkt # 11-1] ("Def.'s SOF") ¶ 1, citing Declaration of Joseph E. Bender, Jr. [Dkt. # 11-6] ("Bender Decl.") ¶ 5; Ex. A to Opp., Aff. of Daniel L. Staszak

[Dkt. # 13-1] ("Pl.'s Aff.") at 3.[1]  Plaintiff attached Form DOJ-361, a "Certification of Identity," to his FOIA request, providing his own name as the "Full Name of Requester."  Attach. 1 to Compl. [Dkt. # 1-1] at 28; Ex. B to Bender Decl. [Dkt. # 11-7] at 9.  On July 7, 2022, DOJ sent plaintiff a letter acknowledging receipt of the request and advising him that his request had been routed to the Federal Bureau of Investigation ("FBI") and the Executive Office for United States Attorneys ("EOUSA") for processing.  See Def.'s SOF ¶ 2, citing Bender Decl. ¶ 6; Ex. B to Bender Decl. ("DOJ July 2022 Letter") at 4; Pl.'s Aff. at 3.

On July 14, 2022, the FBI acknowledged receipt of plaintiff's FOIA request for records related to a third party.  See Def.'s SOF ¶ 3; Pl.'s Aff. at 3; Ex. C to Bender Decl. ("FBI Letter") at 24–25.  In its letter, the FBI informed plaintiff that pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552(b)(6), (b)(7)(C), it could neither confirm nor deny the existence of records on a third party individual: "[t]he mere acknowledgment of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy."[2]  FBI Letter at 24.  The FBI stated that plaintiff's request had therefore been closed, and it directed him to visit the FBI's website for more information on making requests for records on third parties.  See id.  It also advised plaintiff that he could administratively appeal the decision if he was not satisfied with the FBI's determination.  See id.

---

[1]   Because the filings of pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court will construe the affidavit that plaintiff attached to his opposition brief as a response to defendant's Statement of Material Facts.  See Pl.'s Aff. at 3 (stating that plaintiff "is submitting this Affidavit with [his] Reply to the Defendant's Statement of Facts, Paragraphs 1 through 13").

[2]   FOIA Exemption 6 creates a FOIA exemption for files "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).

On July 26, 2022, plaintiff appealed the FBI's denial of his FOIA Request to DOJ's Office of Information Privacy (OIP), and he attached another Form DOJ-361 with his appeal, again listing "Daniel Lee Staszak" as the "Full Name of Requester." Ex. D to Bender Decl. at 30; Pl.'s Aff. at 3. Plaintiff also attached a July 19, 2022 unsworn "affidavit" from Matthew Staszak to his appeal. In it, Matthew stated that he had "no complaints, concerns, objections, problems, or issues with [any] unwarranted invasion of privacy," and that anyone could "reference" the records responsive to plaintiff's FOIA request. Def.'s SOF ¶ 7, citing Ex. D to Bender Decl. at 34 ("Matthew Decl.");[3] Pl.'s Aff. at 3. On July 27, 2022, the OIP informed plaintiff that it had received his administrative appeal. Def.'s SOF ¶ 8, citing Ex. E to Bender Decl. at 56.

On September 30, 2022, the OIP denied plaintiff's appeal and affirmed the FBI's decision that confirming or denying the existence of the records concerning a third party individual "would constitute a clearly unwarranted invasion of personal privacy." Def.'s SOF ¶ 11, citing Ex. F to Bender Decl. ("Appeal Letter") at 58; Pl.'s Aff. at 3. It also explained that plaintiff's Certification of Identity would not suffice because it was executed by plaintiff and not his son. Def.'s SOF ¶ 12; Appeal Letter at 58. The OIP provided a Form DOJ-361 for plaintiff "to use to submit a valid FOIA request authorizing [sic] to release information to another person." Def.'s SOF ¶ 12; Appeal Letter at 58, 60.

During this time period, plaintiff also received a separate, similar response from the EOUSA. On August 2, 2022, the EOUSA informed plaintiff that his request for records concerning a third party could not be processed without either the third party's express consent,

---

3   Although this document from Matthew Staszak is titled "affidavit," it is not notarized. *See* Matthew Decl. It includes the following language: "I, Matthew L. Staszak, declare under Title 28, U.S.C. Section 1746 that the following statement in paragraphs 1-3 are true and correct . . . ." Matthew Decl.

proof of death, or an overriding public interest, because disclosure of law enforcement records concerning an individual could "reasonably be expected to constitute an unwarranted invasion of personal privacy." *See* Def.'s SOF ¶ 9, citing Declaration of Auburn Finney [Dkt. # 11-2] ("Finney Decl.") ¶ 7; Ex. B to Finney Decl. [Dkt. # 11-3] ("EOUSA Letter") at 2, citing 5 U.S.C. §§ 552(b)(6), (b)(7)(C).  The EOUSA advised plaintiff that he could submit another request if he obtained Matthew Staszak's written authorization to release the records to him.  EOUSA Letter at 2.  It also informed plaintiff of his right to administratively appeal the decision.  *See* EOUSA Letter at 3.  However, plaintiff never appealed EOUSA's final determination; nor did he submit another FOIA request to the EOUSA.  *See* Finney Decl. ¶ 16; Pl.'s Aff. at 3.

On October 14, 2022, plaintiff filed his complaint with this Court, *see* Compl., and he attached a Certification of Identity listing Matthew Staszak as the requester.  Ex. 1 to Compl. [Dkt. # 1-1] at 15.  The form indicates that Matthew Staszak signed it on October 7, 2022, and it authorizes the release of records to plaintiff.  *Id.*

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (internal quotation marks omitted).

The mere existence of a factual dispute is insufficient to preclude summary judgment. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id*. at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987).

FOIA cases are typically and appropriately decided on motions for summary judgment. *See Brayton v. Office of the U.S. Trade Representative,* 641 F.3d 521, 527 (D.C. Cir. 2011). In FOIA cases, the agency bears the ultimate burden of proof. *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989). The Court may award summary judgment based solely on information provided in an agency's affidavits or declarations that identify "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). These affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

When a plaintiff is *pro se* and proceeding without the benefit of counsel, a court must "liberally construe[ ]" his filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* plaintiffs may not "ignore the Federal Rules of Civil Procedure," *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020), and must still show that there is a genuine issue of material fact sufficient for the Court to deny summary judgment. *See* Fed. R. Civ. P. 56(a).

**ANALYSIS**

Defendant moves for summary judgment on the grounds that plaintiff has yet to exhaust his administrative remedies because he has not yet submitted a proper request for someone else's records.  Mot. at 8–9.  Generally, "[e]xhaustion of administrative remedies is . . . required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'"  *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004), quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).  Although exhaustion is not a jurisdictional requirement, *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), a plaintiff's failure to exhaust still "precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar."  *Id.* at 1258–59, quoting *Oglesby*, 920 F.2d at 61 (other citation omitted).  Thus, "[e]xhaustion . . . can be a substantive ground for rejecting a FOIA claim in litigation."  *Bayala v. U.S. Dep't of Homeland Sec., Off. of Gen. Counsel*, 827 F.3d 31, 35 (D.C. Cir. 2016).

A proper FOIA request is one which "reasonably describes" the records sought and complies with an agency's published procedures for submitting a FOIA request.  5 U.S.C. § 552(a)(3)(A).  When a FOIA request "is not made in accordance with the published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies, as '[t]he failure to comply with an agency's FOIA regulations [for filing a proper FOIA request] is the equivalent of a failure to exhaust.'"  *Calhoun v. U.S. Dep't of Justice*, 693 F. Supp. 2d 89, 91 (D.D.C. 2010), *aff'd*, 2010 WL 4340370 (D.C. Cir. Oct. 19, 2010), quoting *West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006).  The burden is on the requester to show that he complied with the agency's filing procedures and appeals process.  *See Pinson v. U.S. Dep't of Justice*, 70 F. Supp. 3d 199, 206 (D.D.C. 2014).

Here, it is clear from the record that plaintiff failed to comply with both the EOUSA's and FBI's regulations regarding how to make a proper FOIA request. First, with respect to the EOUSA, the record shows that plaintiff never appealed the agency's final determination in its August 2, 2022 letter, nor did he submit a new FOIA request to the EOUSA with the requisite Certification of Identity in his son's name. *See* EOUSA Letter.

While plaintiff did appeal the FBI's July 14, 2022 decision, he did not submit a new FOIA request with the authorization the agency explained would be necessary: a Form DOJ-361 properly signed by Matthew Staszak. *See* FBI Letter; Appeal Letter (providing Form DOJ-361 "[a]s a courtesy to" plaintiff). Plaintiff attached the appropriate form, executed by Matthew, to his complaint, but he must exhaust proceedings with the agency before the Court can get involved, and he cannot show that he completed the first step – submitting a proper request to either agency. *See Tyree v. Hope Village, Inc.,* 677 F. Supp. 2d 109, 111 (D.D.C. 2009) ("[F]ailure to comply with an agency's FOIA regulations [*in submitting a request*] is the equivalent of a failure to exhaust."), citing *West,* 448 F. Supp. 2d at 211 (alteration in original) (emphasis added); *see also Thomas v. Fed. Commc'ns Comm'n*, 534 F. Supp. 2d 144, 145 (D.D.C. 2008) ("An agency's obligation under the FOIA does not arise . . . until a proper request is received."). The new form must be submitted with a new FOIA request to the agency so that the agency may properly "exercise its discretion and expertise on the matter." *Wilbur*, 355 F.3d at 677.

Plaintiff's opposition largely focuses on the merits of his FOIA request, although he points to the "Affidavit of Matthew Staszak executed on July 19, 2022" as "Matthew Staszak's *identity acting as a* COI as a statement signed under penalty of perjury." *See* Opp. at 9–10, citing Matthew

7

Decl. (emphasis in original). But this document was not part of the original, or a newly filed FOIA request, but rather, an attachment to his appeal.[4]

It appears that plaintiff now has the necessary Form DOJ-361 signed by Matthew Staszak to submit a new and proper FOIA request to the agencies. Until he does so, the Court will decline to decide the merits of his unexhausted FOIA claim, since neither agency has responded to the renewed request or created a record to review.

## CONCLUSION

Because plaintiff has failed to exhaust his administrative remedies, defendant's motion for summary judgment [Dkt. # 11] is **GRANTED**. A separate order will issue.

*Amy B Jackson*
AMY BERMAN JACKSON
United States District Judge

DATE: March 28, 2024

---

4      Also, it is not clear that the document would suffice under 28 C.F.R. § 16.3(a), which allows a FOIA requester to receive "greater access" to records pertaining to a third party by either (1) submitting a notarized authorization signed by the third party, (2) submitting an unsworn declaration made under penalty of perjury by the third party pursuant to 28 U.S.C. § 1746, or (3) submitting proof that the individual is deceased. 28 C.F.R. § 16.3(a)(4). The unsworn document from Matthew Staszak is not notarized and it does not state that it was "made under penalty of perjury." And, section 16.3(a) indicates that "[a]s an exercise of administrative discretion, each component can require a requester to supply additional information if necessary in order to verify that a particular individual has consented to disclosure," so the EOUSA and FBI have the discretion to require a properly signed Form DOJ-361. *Id.*